MEMORANDUM *
Defendants-Appellees Cox Communications, Inc. and Cox Communications California, LLC (“Defendants” or “Cox”) have *735 removed this class action, pursuant to the Class Action Fairness Act (“CAFA”). Plaintiff moved to remand on two grounds. First, Plaintiff contended that Defendants had no basis to justify a successive removal petition. Second, Plaintiff contended that Defendants’ second Notice of Removal was untimely because it fell outside of one of CAFA’s thirty-day filing windows. The district court denied Plaintiffs Motion to Remand. We affirm.
We have appellate jurisdiction under 28 U.S.C. § 1453(c), and review the remand order de novo. Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1196 (9th Cir. 2015). Factual findings, however, are reviewed for clear error. Rea v. Michaels Stores Inc., 742 F.3d 1234, 1237 (9th Cir. 2014) (per curiam) (citing Fed. R. Civ. Pro. 52(a)(6)). “Under CAFA, we have 60 days from the time we accept the appeal to complete all action on such appeal, including rendering judgment[.]” Lowdermilk v. U.S. Bank Nat’l Ass’n, 479 F.3d 994, 996 (9th Cir. 2007), abrogated on other grounds by Standard Fire Ins. Co. v. Knowles, 568 U.S. 558, 133 S.Ct. 1345, 185 L.Ed.2d 439 (2013) (internal quotation marks omitted).
We hold that Defendants’ second removal petition was permissible given that there had been a “relevant change of circumstances” in the three years since their first petition. Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbride v. Conf'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)). At the time of Defendants’ first Notice of Removal, the “legal certainty” test described in Lowdermilk applied. Two months after the district court granted Plaintiffs Motion to Remand, the Supreme Court in Standard Fire held that a would-be class representative cannot stipulate on behalf of the would-be class that the class will seek less than the CAFA jurisdictional amount. 133 S.Ct. at 1349. Later that same year, we held that the Standard Fire rule fatally undermined our “legal certainty” test in Lowdermilk. Our new (and now governing) rule is that “[a] defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum.” Rodriguez v. AT & T Mobility Servs. LLC, 728 F.3d 975, 981 (9th Cir. 2013); see also Rea, 742 F.3d at 1239. “Because the first remand was on ‘grounds that subsequently became incorrect,’ the successive removal [i]s permissible.” Reyes, 781 F.3d at 1189 (quoting Rea, 742 F.3d at 1238). We need not reach the question of whether the California Superior Court’s certification order also qualified as a relevant “change in circumstance” permitting a successive petition.
We also hold that Defendants’ second Notice of Removal was timely. “A CAFA case may be removed [by a defendant] at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.” Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1126 (9th Cir. 2013). Both parties admit that the first thirty-day clock was never triggered. 28 U.S.C. § 1446(b)(1). We agree. “[N]otice of removability under § 1446(b)[l] is deter mined through examination of the four corners of the applicable pleadings[.]” Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Neither the initial complaint nor the First Amended Complaint (“FAC”) “reveals on its face the facts necessary for federal court jurisdiction.” Rea, 742 F.3d at 1238 (quoting Harris, 425 F.3d at 691-92).
We also agree with the district court’s finding that Plaintiff never provided the *736 Defendants “other paper” sufficient to trigger the second thirty-day clock. 28 U.S.G. § 1446(b)(3). Though we accept ar-guendo Plaintiffs argument that Plaintiffs deposition in combination with other documents could have triggered the second thirty-day clock, it did not do so here. Defendants’ first Notice of Removal alleged certain figures that were supported by only an unsworn declaration by Cox employee Susan Irwin. The district court determined that those figures were unreliable and contradictory, even aside from the problem stemming from the lack of a sworn declaration. The declaration provided no support for Defendants’ assumption that “class members worked four shifts per week or fifty weeks per year.” Further, “Defendants assume[d] that all 600 class members worked for the entire class period. This is contradicted by Defendants’ own evidence, which demonstrates that Plaintiff left his employment in May 2012, approximately five months before the end of the class period [and] ... evidence that 138 of the 600 individuals separated from employment with the Defendants” before the class period ended. The court found similar deficiencies in assumptions made to calculate potential waiting time penalties.
Plaintiffs subsequent deposition provided insufficient additional information to cure the defects in the initial removal. We conclude that information already contained in the record, combined with information in the deposition, was insufficient to establish an amount in controversy exceeding five million dollars. The second thirty-day clock was therefore not triggered by Plaintiffs deposition. Defendants were thus free to remove at any time after the “change in circumstances.”
Plaintiff does not independently contest that the amount in controversy exceeds $5 million, nor does he contest any of the other jurisdictional requirements for removal under CAFA.
Each party shall bear its own costs associated with this appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.